451 P.2d 786

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Angelo M. VASQUEZ, Defendant and Appellant.**

**No. 11229.**

Supreme Court of Utah.

March 13, 1969.

---

---

David M. Bown, Legal Defender, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy, and Lauren N. Beasley, Asst. Attys. Gen., Salt Lake City for respondent.

CALLISTER, Justice.

Angelo M. Vasquez, Edward Ray Guerrero, Arthur J. Lopez, Frank Montano and Robert Montano were charged with the crime of robbery of James Frank Coxey. Pursuant to his motion Vasquez was afforded a separate trial. The jury return-

ed a verdict of guilty, and he now appeals from his conviction. The only point raised on appeal is that the trial court erred in permitting Coxey to make an in-court identification of the defendant after having previously made an identification at a lineup conducted without counsel for Vasquez being present.

Prior to trial, Vasquez filed a motion to suppress the testimony of Coxey as to the identification of him "on the grounds and for the reason that said identification is a result of a lineup conducted without a lawful waiver of counsel in violation of" United States v. Wade,[1] Stovall v. Denno[2] and Gilbert v. California.[3]

After the jury was sworn, a hearing was held upon the motion outside of its presence. The trial court, after receiving testimony and argument, suppressed only the evidence relating to the lineup identification and subsequently permitted Coxey to make the in-court identification.

At the hearing upon the motion to suppress, the victim, Coxey testified in substance as follows: After he had been robbed and beaten, he hailed a passing motorist who drove him a short distance to where a Layton City police officer and a State Trooper were located. He advised them what had happened and that his

1. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967).
2. 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

3. 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178 (1967).

assailants were five "Spanish" men. He described their automobile as a red 1953 Chrysler with California license plates. He told the officers that the occupants of the Chrysler consisted of five men, three women and a child. He described the attire of both the men and the women.

The State Trooper radioed ahead and the described automobile was stopped a short distance away in Clearfield. Coxey was driven there by the Layton police officer. When they arrived (about 10 to 15 minutes after the robbery, according to Coxey) the officers had the five men and three women outside the Chrysler. At this time, Coxey identified Vasquez and the other four defendants as the ones who had robbed and assaulted him.

Two days later Coxey went to the jail where the defendants were incarcerated. The five defendants were brought into the room and he was asked if they were the persons who had robbed and assaulted him. He replied in the affirmative.

Coxey was asked ".* * * Now would you have been able to identify the defendant here in the court room if you hadn't gone to this lineup here in Farmington?" He replied, "I would know that fellow any place I ever saw him."

It is conceded that Vasquez was not advised that he could have counsel present at the lineup, nor that he knew in advance that a lineup was to take place.

The United States Supreme Court in Gilbert stated:

"* * * However, as in Wade, the record does not permit an informed judgment whether the in-court identification at the * * * trial had an independent source. * * *"

The record before this court does permit an independent judgment and discloses that Coxey's in-court identification had an independent source, namely, Coxey's description of the automobile and its occupants and his identification of Vasquez and the other four defendants shortly after the occurrence and during the course of their apprehension.

Affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.