No. 23872.

CLIFFORD RICHARD NEIGHBORS *v.* THE PEOPLE OF THE STATE OF COLORADO.

(467 P.2d 804)

Decided April 6, 1970. Rehearing denied April 20, 1970.

350

WILLIAM J. CHISHOLM, Public Defender, City and County of Denver, ROLLIE R. ROGERS, State Public De-

fender, JOSEPH R. QUINN, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DeROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

■ The defendant, Clifford R. Neighbors, was convicted by a jury of aggravated robbery, and was sentenced to the Colorado State Penitentiary for a period from thirty-five years to life. His conviction was affirmed by this Court on writ of error. *Neighbors v. People,* 161 Colo. 587, 423 P.2d 838. He subsequently filed a motion for vacation of the judgment under Crim. P. 35(b). A hearing was held and the motion was denied. The defendant brings this writ of error from that judgment.

The defendant contends that it was error for the trial judge to find (1) that a lineup in which defendant participated was not so unduly suggestive as to taint the in-court identification and thereby deprive the defendant of due process of law; and (2) that certain statements made by the defendant to a police detective which were admitted at trial were not involuntary. We find no error, and we affirm the judgment of the trial court denying the defendant's motion under Rule 35(b).

I.

On August 30, 1963 at 1:30 P.M. two men held up a Miller's Super Market in Denver. A third man was observed by witnesses within the store during the robbery. This third party was observed leaving the store with the robbers and was observed getting into a car with the other two men. He was identified as wearing an orange or rust colored shirt and a gray felt hat. Approximately one hour after the robbery, the witnesses were taken to the police station in order to attend a lineup

identification. At the lineup two of the witnesses picked out the defendant as being the third man in the robbery. One witness further identified the car in which the defendant was driving at the time of his arrest as the car in which the three robbers were seen to escape by pointing out the car from a large number of cars parked in a police lot. The hat the defendant was wearing at the time of his arrest and a shirt found in the vehicle he was driving were identified by witnesses at the trial as being the hat and shirt worn by the third robber. These witnesses identified the defendant in court as the third robber.

The testimony at the trial showed that at a lineup identification conducted at the police station there were four persons in the lineup, all white, and approximately the same in size and age. The defendant appeared in the lineup without a shirt but wearing a blue coat. He was the only man in the lineup with a hat and during the course of the lineup proceeding he was asked to put the hat on his head. Other members of the lineup were not asked to try the hat on.

The defendant argues that the lineup identification of the defendant was so unnecessarily suggestive and conducive to mistaken identification and so heavily tainted the in-court identification of the defendant that it denied the defendant due process of law under the Fourteenth Amendment to the United States Constitution. We do not agree.

In so arguing, the defendant is relying on the Supreme Court case of *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, wherein it was decided that a confrontation might be so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant is denied due process of law. In *Stovall*, the Supreme Court clearly pointed out that it was the totality of the circumstances surrounding the identification in each case which would determine whether the lineup identification required reversal of the conviction.

354

The defendant calls our attention to the circumstances surrounding the instant lineup proceeding which he contends were unnecessarily suggestive. He points out that the defendant was the only man in the lineup who did not have a shirt on and was the only man required to wear the felt hat which was in his possession.

However, suggestiveness of the lineup proceeding is not a sufficient circumstance by itself to lead us to declare that there has been a violation of the defendant's constitutional right to due process of law. That suggestiveness must, as we have said, so taint the in-court identification as to make it unreliable as a matter of law. As was accurately pointed out by counsel during oral argument, every identification must be to some extent suggestive. It has long been thought to be the province of the jury to determine what weight to attach to identification testimony and procedure. As the Supreme Court noted in *Stovall v. Denno, supra,* "The overwhelming majority of American courts have always treated the evidence question [identification] not as one of admissibility but as one of credibility for the jury."

While the Supreme Court decisions in *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, do not apply to the present case because they have not been given retroactive application, they are illustrative of the present point. In *Wade* and *Gilbert* the Supreme Court, viewing with alarm the potential for suggestiveness and unfairness in pretrial identifications, took note that the defendant may be prejudiced by his inability to get the circumstances of the identification before the jury.

"* * * Moreover, any protestations by the suspect of the fairness of the lineup made at trial are likely to be in vain; the jury's choice is between the accused's unsupported version and that of the police officers present. In short, the accused's inability effectively to reconstruct at trial any unfairness that occurred at the lineup may

deprive him of his only opportunity meaningfully to attack·the credibility of the witness' courtroom identification." *United States v. Wade,* 388 U.S. at 231-32, 87 S.Ct. at 1934-35, 18 L.Ed.2d at 1160.

 The subsequent ruling by the Supreme Court establishing that the criminal defendant has a right to the presence of counsel during a pretrial identification was directed toward providing the defendant with effective means for cross-examination so that the circumstances of the confrontation could be aired before the jury and the credibility of the identification testimony tested.

 In our opinion, suggestiveness, at least under some circumstances, may properly be left as a consideration for the jury in determining what weight to attach to the in-court identification of the defendant. We are concerned here not with a question of suggestiveness by itself, but with ·a question of what constitutes a denial of due process of law. The basic concern of this Court is whether the procedure followed in conducting a lineup identification may have, under all the circumstances of the case, resulted in a misidentification of the defendant at the trial. As the court noted in *Stovall v. Denno, supra,* a conviction which rests on a mistaken identification is a gross miscarriage of justice.

In the present case, the defendant was identified by two eyewitnesses as being the third man who participated in the robbery. One witness stated that for three minutes during the robbery he stood facing the defendant. Both witnesses testified that they got a close view of the defendant's face. Two witnesses testified that they observed the three men drive away from the scene of the robbery in the automobile that the defendant was driving when he was arrested. One witness picked out that automobile from approximately one hundred other cars parked on the police lot. The two witnesses who testified that they observed the face of the third robber during the course of the robbery both picked out the

defendant in the lineup conducted only one hour after the robbery as being the third man in the robbery. Clothing identified as being that worn by the third robber was found in the defendant's possession.

■ In the light of all the circumstances of this case, we do not consider that the lineup procedure followed by the police was so conducive to mistaken identification in the courtroom during the trial that we must say the defendant failed to receive due process of law. The jury heard testimony on how the lineup was conducted. It was fully within their province to consider the suggestiveness of the procedure when weighing the in-court identification of the defendant by the witnesses.

## II.

The defendant contends that statements admitted into evidence at trial were taken from him in violation of his rights under *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, as that case has been applied in this state by *Nez v. People,* 167 Colo. 23, 445 P.2d 68. He argues that the use of the statements at trial without a hearing before the trial judge on the issue of voluntariness violated the defendant's right to due process of law.

■ *Jackson v. Denno,* 378, U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, provides that a defendant has a constitutional right at some stage in the proceedings *to object* to the use of a confession and have a fair hearing and a reliable determination on the issue of voluntariness. We have held that an express objection to admission of the statements into evidence is not necessary, and that the trial judge is required to conduct a hearing when it becomes evident to him that voluntariness is in issue. *Whitman v. People,* 170 Colo. 189, 460 P.2d 767.

■■ The concern of the Supreme Court in *Jackson v. Denno, supra,* was that a trial judge rather than a jury was the proper judicial functionary to determine admissibility of evidence. Thus it held that whenever voluntariness was an issue in the trial, there must be a

hearing before the trial judge and a determination made on that issue. We are not prepared to say that the mere act of offering the statement into evidence is sufficient to raise an issue of its voluntariness. The defendant must make his objection known to the court by objection, motion, cross-examination, or some other means during the course of the trial which indicates to the judge that there is an issue of admissibility of the statement. We do not agree with a philosophy which allows a defendant to get his theory of the case before the jury and then, if he is convicted, permits him to obtain a new trial on the grounds that evidence should not have been admitted.

In the present case, the record reveals that the defendant never made voluntariness an issue. The voluntariness of his statements which were completely exculpatory in nature was not challenged by motion to suppress or by objection during trial. During cross-examination of the police detective who obtained the statements from the defendant, counsel did not question the circumstances under which the statements were taken.

Ample reason for the failure to make voluntariness an issue appears in the record. The evidence identifying the defendant as the third man involved in the robbery was overwhelming. It was clearly the defendant's theory of the case that although he accompanied the other two men into the store, stood around during the course of the robbery and left in the company of the two men, yet there was no evidence to prove he participated as a principal or an accessory. This is borne out in the defendant's brief presented to this Court on his writ of error from the trial on his guilt.

 The statement admitted at trial set forth the defendant's theory of the case. In the statement, the defendant explained his presence in the store and denied any complicity in the robbery. Admission of the statement into evidence had the effect of permitting the defendant to take the stand and tell his story to the jury without being subject to impeachment by the prosecu-

358

tion on prior felony convictions, thus solving an age old dilemma faced by criminal defendants. Under the circumstances, it appears that there was a conscious determination on the part of the defendant and his counsel to refrain from objecting to admission of the statements made by defendant. Because voluntariness was never in any way or by any stretch of the imagination made an issue in the case, there is no basis upon which the lower court could determine that issue on a motion under Rule 35(b).

The judgment is affirmed.