No. 23030.

LOUIS BRAVO *v.* THE PEOPLE OF THE STATE OF COLORADO.
(467 P.2d 814)

Decided April 13, 1970.

EDWARD H. SHERMAN, Public Defender, MICHAEL L. BENDER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

LOUIS BRAVO, the defendant, brings this writ of error from his conviction for the crime of forgery. The case for the People consisted of the testimony of two witnesses and one exhibit, a check purportedly issued by one Bruce Sutherland. Mr. Sutherland testified that he had lost some checks at one time and identified the check in question as one of his checks but denied that he had signed the check. He testified that he had never seen the defendant prior to trial.

George Kuhls testified that he was working as a clerk in King Sooper's grocery on the evening of January 14, 1966, and that on that night he cashed the check for a Paul Padilla after checking the man's driver's license. He identified the defendant as being the man for whom he cashed the check. He testified that he had not seen the defendant before that night and had not seen him again until the trial date. On cross-examination Mr. Kuhls testified that the district attorney showed him a picture before the trial and asked him if this was the man who cashed the check. The defendant did not take the stand to testify.

The defendant argues that under the circumstances of this case, the identification practice followed by the district attorney of showing a single picture of the defendant to the sole identifying witness shortly before trial was so unnecessarily suggestive and conducive to mistaken identification at the trial that the defendant was denied due process of law under the test set forth in *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. We do not agree.

We do not know from the record that the picture shown to the witness by the district attorney was of the defendant, and we do not know whether the witness identified the man in the picture. However, even con-

ceding the facts to exist as argued by the defendant, we do not find such an identification to have resulted in a denial of due process of law under the facts of this case. It may well be said that the practice of showing suspects or their photographs singly to persons for the purpose of identification is suggestive. Whether or not such a practice is so unnecessary or so conducive to mistaken identification at the trial that the defendant is denied due process of law is a question which must be gleaned from the totality of the circumstances. *Stovall v. Denno, supra.* As this Court pointed out in *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804, suggestiveness of pretrial identification by itself is not necessarily conclusive on the question of due process at the trial.

Mr. Kuhls testified that while he could not remember the names or faces of the other estimated one hundred people for whom he cashed checks on the day of the forgery, he specifically remembered the defendant because of another incident which occurred immediately after the forged check was cashed. Some other person called Mr. Kuhls' attention to the presence of the defendant in the store. Mr. Kuhls saw the defendant outside the front window of the store and pointed him out to the manager. The defendant was taken to the manager's office where Mr. Kuhls again saw him.

The record indicates that there were peculiar circumstances which caused Mr. Kuhls to make a special note of the person who cashed the forged check. While the necessity for conducting such a suggestive identification does not appear in the record, it does not appear that the identification was so conducive to mistaken identification at trial that we can say the defendant was denied due process of law. See *Neighbors v. People, supra.*

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.