474 P.2d 737

STATE of Utah, Plaintiff and Respondent,

v.

William Arnold **LANGLEY** and James
Kanath Holman, Defendants
and Appellants.

No. 11911.

Supreme Court of Utah.

Sept. 25, 1970.

William Arnold Langley, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a robbery conviction. Affirmed.

Competent, substantial and admissible evidence that a jury well could have believed, accurately may be abstracted as follows:

A Mr. Love, jeweler, after waiting on a customer, was asked by defendant, Holman, to see a watch band. As he reached for one, Holman (independently identified more than once by Love and a Mr. Horne), ordered the latter, at gunpoint, to get down behind the counter, where Holman unlovingly taped over Love's eyes. Love heard someone else enter the place and put jewelry in a paper sack. A regular customer entered at that juncture, and defendant, Langley (also independently identified by the customer), acting as a clerk, conveniently advised her to go to another nearby store. A Mrs. Taylor then entered the store, and a man quickly brushed by her while leaving the store. This man independently was identified as Langley by a man seated in a parked car in front of the store, as was defendant Holman, who had immediately followed Langley. Mrs. Taylor's later attempt to identify anyone was fuzzy enough to lack any substantial probative value. Horne's and Love's identifications of the defendants were not only on-the-scene observations, but by the examination of photos, attending a line-up, and in-court identifications.

Defendants urge 1) that the identification evidence was prejudicial,— but the record fails to support the contention;[1] 2) that they were convicted by an eight-man jury, which is unconstitutional,—a contention already disposed of by our own state constitution, which principle recently was affirmed;[2] 3) that the court failed to instruct on their theory of the case—not well taken, because there was no substantial evidence to support it;[3] 4)

1. State v. Vasquez, 22 Utah 2d 277, 451 P.2d 786 (1969).

2. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

3. State v. Johnson, 112 Utah 130, 185 P.2d 738 (1947).

that defendants were denied a fair trial because the prosecution knowingly used perjured testimony,—an urgence quite unconvincing, since the record reflects no such tactic, and no perjury was established—only suggested by defendants; 5) that they were prejudiced because they were not given separate trials,—a contention which is not warranted by anything in the record, where no such unfairness or prejudice is apparent.

 Defendants' further complaint 6) that they were prejudiced because they promptly were not furnished with a transcript of the record at time of preliminary hearing and thus were frustrated, is captious;[4] and we find no prejudice or unfairness in the record as to 7) defendants' claim that it was error to permit evidence of prior convictions, since mention thereof was almost entirely in absence of the jury, except to ask defendant Holman if he had been convicted of a felony, to which he answered "six" without naming them. The same goes for 8) defendants' claim of error for not instructing as to grand larceny,

as an included offense, since the record reveals no request therefor, and there appears to be no reason why the court should have so instructed sua sponte.

Although the defendant Langley made no point of it on appeal, he complained in his brief that he was "deprived of the effective aid and advice of counsel" at a line-up. It is obvious why the defendant, who rejected counsel, and who represented himself vernacularly "pro per" did not assign such circumstance as a ground for appeal, since, as the adage goes, one who represents himself has a fool for a client, a truism poignantly borne out in this case, when defendant's loquacity was exceeded only by the idiocy of the crime for which he was convicted, when he uttered the profound observation that "I would like to show that I object to anyone assisting me in any way at this time" and that "I am my own advisory (sic), here," and that "If a lawyer assists me at this time, it eliminates reversible error." Very good bad advocacy.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

4. It was somewhat frustrating to review the thousand-page record in this case which was paid for by the taxpayers, in which there was reflected so little to merit an appeal.