No. 23423.

LINDA SUE SCHOTT *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(482 P.2d 101)

Decided March 8, 1971.

Ernest D. Cunningham, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

Plaintiff in error was convicted of aggravated robbery in the District Court of El Paso County. The evidence showed that a man and woman entered a 7-11 store in Colorado Springs at approximately 10:45 p.m. on August 21, 1967. The man was holding a gun and pointed it at the manager who was the only person in

the store at the time, announcing: "This is a holdup." The three then walked to the cash register which was opened by the manager. The woman emptied the money into her purse and fled from the store. The gunman ordered the manager into the back room, raising the gun several times in such a fashion as to indicate to the manager that he intended to strike him. The manager was ordered to the floor and warned not to call the police. The gunman then left.

The next day defendant was apprehended and on the following day she was identified at a police lineup by the manager as the woman involved in the holdup. Prior to the lineup, at defendant's request an attorney was assigned to advise and represent her. She consulted with the attorney before the lineup. The lineup consisted of five white females, including defendant, ranging in age from 20 to 30 years, standing in height from 5' 5" to 5' 8", and weighing from 110 pounds to 140 pounds. Each wore sunglasses. No specific place was assigned to defendant in the lineup and she chose the third or middle position.

At the trial a photograph of the lineup was admitted into evidence. The manager positively identified defendant as the woman in the holdup. He testified his eyesight was good; that the store was well lighted; that defendant was within two feet of him; that she made no effort to hide her face from him; that he looked directly into her face; and that he stood by her side as she took the money from the cash register. The defendant did not choose to testify.

We find no prejudicial error in the following assigned particulars and therefore affirm the judgment of conviction.

I.

Defendant tendered an instruction on "theft by threat" pursuant to 1967 Perm. Supp., C.R.S. 1963, 40-5-2, and based on the theory that such was a lesser included offense in that of robbery. The court denied the tendered

18

instruction and properly so under the decisions of this Court in *Van Pelt v. People,* 173 Colo. 201, 476 P.2d 999, *Howard v. People,* 173 Colo. 209, 477 P.2d 378, and *Daniels v. People,* 159 Colo. 190, 411 P.2d 316, which affirmed the test adopted by *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058. The greater of the two offenses, robbery, does not necessarily include all of the factual and legal elements of the lesser offense, theft by threat. A threat is defined as a *declaration* of purpose or intention to work injury to the person, property, or rights of another by the commission of an unlawful act. *Black's Law Dictionary* (4th rev. ed. 1968). Although in a particular factual situation a threat may be a factual element in a robbery, it is not a necessary element of a robbery, which is defined by statute to be the felonious and violent taking of money, goods or other valuable thing from the person of another *by force or intimidation.* 1967 Perm. Supp., C.R.S. 1963, 40-5-1.

■ We note that when the legislature adopted the theft statute, including the theft by threat section, by enactment of Colo. Sess. Laws 1967, Ch. 312, it repealed by § 19 the blackmail statute (C.R.S. 1963, 40-12-1), thus indicating an intent to include within the theft statute those offenses by which money, goods, chattels or other valuable things were extorted by means of threat. We do not believe, under these circumstances, the legislature intended that robbery encompass as a lesser included offense the crime of theft by threat, and we so hold.

## II.

It is next contended that the court erred in admitting into evidence the photograph and testimony of the lineup and that the procedures used in conducting the lineup were so unfair as to taint the in-court identification, thus denying defendant due process of law. Defendant objected to this evidence on the ground that the lineup was so suggestive as to the clothing worn by defendant that it was conducive to misidentification and therefore un-

lawfully tainted the in-court identification. The trial court overruled the objection, holding that the matter of suggestibility concerned not the admissibility but only the weight of the evidence. This ruling was correct, unless we are compelled to say as a matter of law that the degree of suggestibility under the totality of circumstances was so extreme as to taint the in-court identification. *Bravo v. People,* 171 Colo. 148, 467 P.2d 814; *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804.

██ The identification of the defendant at the trial was based upon the manager's observation of defendant at the time of the robbery and was independent of the lineup identification. We cannot say as a matter of law that the suggestibility of the lineup was so conducive to irreparable misidentification that the in-court identification was unlawfully tainted. The suggestibility was a matter properly to be submitted to the jury in determining the weight to be accorded the store manager's in-court identification. *Neighbors, supra.*

### III.

██ The third matter raised is that the evidence was insufficient to prove beyond a reasonable doubt that the gunman had the requisite specific intent, if resisted, to kill, maim or wound the person robbed or any other person. In our view the record shows sufficient circumstances from which the jury could reasonably infer that the gunman had the state of mind necessary to sustain the conviction of aggravated robbery. *Ruark v. People,* 157 Colo. 320, 402 P.2d 637; *McGraw v. People,* 154 Colo. 368, 390 P.2d 819.

### IV.

██ The last ground of error asserts that as a matter of constitutional right defendant was entitled to have her motion for acquittal heard in open court in her presence and not in chambers in her absence. This contention was set to rest by this Court in *Bell v. People,* 158 Colo. 146, 406 P.2d 681, *cert. denied,* 384 U.S. 1024, 86 S.Ct. 1964, 16 L.Ed.2d 1027. Where the question raised

by a motion concerns only matters of law, the exclusion of the defendant from such a hearing does not violate the constitutional right to be present at every stage of the trial.

The judgment is affirmed.

Mr. Chief Justice Pringle not participating.