483 P.2d 890

STATE of Utah, Plaintiff and Respondent,

v.

Charles Allen McCARTHY, Defendant and Appellant.

No. 12260.

Supreme Court of Utah.

April 8, 1971.

Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant appeals from a jury verdict convicting him of attempted grand larceny of 19 hams from a Smith's Food King Market at 33d South and Ninth East in Salt Lake City.

■ Defendant's sole contention on appeal is that the trial court improperly refused to submit to the jury the lesser and included offense of attempted petty larceny. There is a procedural difficulty with the defendant's position. The record does not show that any request was made for such an instruction. The only reference to the matter is that after the instructions had been given, an exception was stated to the failure to so instruct. The defendant having failed to request such instruction, is in no position to complain of the court's failure to give it.[1]

■ Further confirming our opinion as to the conclusion we reach herein is the fact that we do not see anything in this case to warrant the giving of such an instruction. The evidence shows that the defendant McCarthy and his cohort (codefendant James A. McGram) were seen and apprehended in the process of what only reasonably could be seen as a joint project of stealing a considerable quantity of hams (23 had been placed in boxes, value around $90, thus exceeding the $50 required to make grand larceny). It is true that 19 of the hams had been removed from the meat department by McGram, while an additional four hams had been placed in another box. The defendant was observed removing some of the hams. The manager of the store and aides managed to apprehend McGram; and when they attempted to detain

[1]. See State v. Scott, 22 Utah 2d 27, 447 P.2d 908; State v. Dubois, 98 Utah 234, 98 P.2d 354; and Rule 51, U.R.C.P. This is stated in awareness and agreement that where the interests of justice so require, this court may note errors not objected to, as stated by Justice Wolfe in State v. Peterson, 121 Utah 229, 240 P.2d 504: " * * * If the instructions are erroneous * * * to such an extent that they would * * * prevent a fair or proper determination of the issues we may notice the error irrespective of irregularity in exception thereto."

the defendant, he resisted and it was finally necessary to wrestle him to the floor and restrain him until the law officers arrived. In the circumstances shown, despite the defendant's hopeful conjecture and urgence, we see no basis upon which it could reasonably be believed that this was a segmented transaction in which there was an attempt to steal the four hams separately and thus make the offense petty larceny.

In so ruling we intend no departure from the principle advocated by the defendant: that when parties so request, they are entitled to instructions on their theory of the case, including the submission of lesser included offenses. However, this is true only where there is some reasonable basis in the evidence to justify the giving of such instructions.[2] Thus the rule has no application to the instant situation.

We reiterate our accord with the doctrine stated by Justice Murphy:[3] "The right of jury trial * * * is * * * a right so fundamental and sacred to the citizens *. * * [that it] should be jealously guarded by the courts." Nevertheless, once this right has been honored and its purpose accomplished, the resulting verdict and judgment should be accorded such dignity and respect as to give it some solidarity. This requires that it not be upset unless there is error of sufficient substance that it may have had some material effect upon the proceeding so that there is a reasonable likelihood that an injustice resulted.[4] Nothing of that character has been shown to exist here.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

2. State v. Gillian, 23 Utah 2d 372, 463 P.2d 811; State v. Johnson, 112 Utah 130, 185 P.2d 738; State v. Newton, 105 Utah 561, 144 P.2d 290.

3. Jacob v. City of New York, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166.

4. See Sec. 77–42–1, U.C.A., 1953; and statement in State v. Sinclair, 15 Utah 2d 162, 170, 389 P.2d 465.