494 P.2d 285

STATE of Utah, Plaintiff and Respondent,

v.

Steven Leon VILLIARD, Defendant and Appellant.

No. 12631.

Supreme Court of Utah.

Feb. 24, 1972.

Clark P. Giles, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a rape conviction. Affirmed.

The jury's verdict was arrived at after deliberation as to controverted evidence, a substantial portion of which amply supported it,—in which event we affirm, unless there was prejudicial error attendant thereto. In so concluding we must and do hold that the point on appeal urging insufficiency of the evidence is without merit.

Other points urged were that 1) failure of defendant to except to the giving of or failure to give certain instructions does not prevent reversal,—with which general assertion we agree if the error is so palpable as obviously to reflect prejudiciality amounting to denial of due process or justice,—as was the case in State v. Cobo,[1] —but not in a case where, as we think is

1. 90 Utah 89, 60 P.2d 952 (1936).

extant here, such prejudice does not prevail.[2] We arrive at the same conclusion with respect to defendant's contentions that a) the court failed to instruct on lesser included offenses,[3] b) lack of consent,[4] c) failure to give a cautionary instruction as to conviction on the testimony of the prosecutrix,[5] and d) failure to instruct as to use of defendant's testimony of a prior conviction for attempted rape.[6]

Counsel for defendant, on appeal, not at trial, was appointed by this court, whose excellent presentation we note with appreciation.

CALLISTER, C. J., and ELLETT, TUCKETT and CROCKETT, JJ., concur.

2. We think the principle that counsel's failure to except to instructions cannot later be used to urge prejudicial error applies in this case, and is not overridden by that type of "palpable" error found in the Cobo case. State v. McCarthy, 25 Utah 2d 425, 483 P.2d 890 (1971) ; State v. Valdez, 19 Utah 2d 426, 432 P.2d 53 (1967) ; State v. Hougensen, 91 Utah 351, 64 P.2d 229 (1936) ; State v. Durfee, 77 Utah 1, 290 P. 962 (1930).

3. See footnote 2 ; State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618 (1955), and cases therein cited ; also State v. Langley, 25 Utah 2d 29, 474 P.2d 737 (1970) ; State v. Castillo, 23 Utah 2d 70, 457 P.2d 618 (1969).

4. In several instructions the court instructed that to convict, the prosecutrix must have resisted, epitomized by Instruction 9, where the jury was instructed that "The *resistance* . . . need only be such as to make the *absence of consent* and the *actual resistance* reasonably ap-

parent . . . etc." We think the jury could not have been misled as to lack of consent, with such instructions before it.

5. Defendant relies on State v. Scott, 55 Utah 553, 188 P. 860 (1920) in urging this point. In that case the defendant excepted to the failure. At any rate the jury *was* instructed in the instant case that it should determine the weight and credibility of each witness and "any interest he may have in the result of this trial." We take it that the word "each" modified the word "witness," which the jury could not have understood other than that the instruction included both male and female witnesses, including the prosecutrix.

6. Where no instruction was requested, there is no error in failing to give it. State v. Valdez, supra footnote 2 ; State v. Peterson, 121 Utah 229, 240 P.2d 504 (1952).