**Steven Leon VILLIARD, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 13506.**

Supreme Court of Utah.

June 20, 1974.

Bruce C. Lubeck of Salt Lake Legal Defender Ass'n, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Justice:

Mr. Villiard was duly convicted by a jury of the crime of rape, and his conviction was affirmed by this court on appeal.[1] He then filed an application for writ of habeas corpus and now appeals from a denial of his application for release from prison on a writ of habeas corpus. The particular claim he now makes is that the prosecuting attorney suppressed evidence which was favorable to him and that he never knew of it prior to or at the time of his former appeal.

The evidence about which he now complains was a report by the FBI that the tests made were inconclusive and showed neither guilt nor innocence. The complaint is also made that the sheriff's report and the doctor's examination made a number of hours after the crime did not show any tears or bruises in the vaginal area of the victim.

■ The prosecuting attorney was aware of this evidence but did not tell counsel for Mr. Villiard. However, counsel never requested any information in that regard and in fact made objection to the proof of the matter when the victim herself was testifying. The following questions and answers were given:

Q And then after that were you examined by a doctor?

A Yes, I was.

Q Who was that doctor?

A Doctor Midgley.

Q When was that?

A On that very same day, that night.

Q And was he able to find anything in his examination?

A No.

Mr. Terry: Just a minute. We will object to that.

The Court: I will sustain that objection.

Counsel for Mr. Villiard thus had his opportunity to learn and did learn that the doctor's examination of the victim did not reveal any incriminating evidence which would tend to prove a crime or tend to connect Mr. Villiard therewith.

■ The prosecuting attorney said he did not consider the FBI report of any importance and did not wish to take the time of the court and jury by offering it in evidence since it was negative.

At the hearing on the application of habeas corpus the prosecuting attorney stated, and the court found, that he would have shown the results of the report to counsel had a request been made for it.

He further testified that he always made available to defense counsel any report of materiality which he had and that he never held anything back from them.

In this matter there was no withholding of evidence favorable to the defense. The very evidence about which Mr. Villiard

1. State v. Villiard, 27 Utah 2d 204, 494 P.2d 285 (1972).

now complains was given to the jury over the objection of his counsel, and he is in no position to complain that the report was not shown to him.

The judgment is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.