The STATE of Utah, Plaintiff and Respondent,

v.

Larry David CLEMONS, Defendant and Appellant.

No. 15686.

Supreme Court of Utah.

May 22, 1978.

ELLETT, Chief Justice:

The defendant was tried before the court without a jury and convicted of the crime of rape. He was represented by counsel at all stages of trial. This appeal was taken and a brief filed by counsel for the defendant who, in consonance with the case of *Anders v. California*[1] requested permission to withdraw from the case.

In the brief the claim is made that the trial court erred in two particulars:

(1) The evidence was insufficient as a matter of law to allow the conviction to stand; and

---

2. *F. M. A. Fin. Corp. v. Build Inc.*, 17 Utah 2d 80, 404 P.2d 670; *Butler v. Butler*, 23 Utah 2d 259, 461 P.2d 727.

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

(2) The identification of the defendant was unnecessarily suggestive.

■ As to the first claim made, it has no merit whatsoever. The victim testified to the assault which occurred at approximately 2:00 A. M. She immediately thereafter ran to the Ambassador Club nearby and summoned help from the police. She described her assailant to the police as being black, clean-shaven with a puffy afro hairdo, and wearing a brown leather jacket.

The police responded immediately and took her to a nearby street where other police were detaining a black man. The victim told the police that the man was not the one who had assaulted her. She was later taken to another location where the police had a second black man in custody. This man was positively identified by the victim as being the guilty man.

The rape had occurred in a garage. The victim had dirt and grime upon her person and debris in both her vagina and her rectum. She had contusions on her elbows and knees.

A police officer testified that the defendant, when detained, was wearing a brown leather jacket which had dirt and grease on one sleeve and that defendant's trousers were soiled.

The defendant testified that he was an inmate of the Utah State Prison, serving a term for the crime of rape; that he was permitted to live at the Community Corrections Center, a halfway house, and he had been there for about one week. He claimed that he left the halfway house at 10:00 P. M. and was in the Elk's Lodge until it closed around 1:00 or 1:30 A. M. and that he then went to the Holiday Inn to get something to eat, leaving there at 2:30 A. M. He testified that he became confused and walked in the wrong direction away from the Community Corrections Center and that the dirt and grime on his clothing was a result of a fall while walking that morning. He denied being the one who raped the victim.

There was snow all over the street and sidewalk, and the likelihood that the defendant could get grease and dirt on his clothing from a fall would be remote. The judge had sufficient evidence before him to find the defendant guilty beyond a reasonable doubt.

■ As to the claim of suggestive identification, it should be noted that two black men were detained about the same time. There is no evidence even suggesting that the officers did anything other than transport the victim to see if she could identify her assailant. The two matters were handled exactly the same. The victim told the officers that the first suspect was not the man. She identified the second man immediately without any prompting or suggestion from the officers.

The idea of taking the victim forthwith to identify a suspect is of value to the detained person if he is innocent; and while the matter is fresh in mind, it assists the victim in determining whether a suspect is or is not the perpetrator of the offense.[2]

The defendant filed a hand-written letter with the Court which we have considered along with the brief. In his letter, he says the victim did not see his penis and that she only got a good look at her attacker as she turned while running to the Ambassador Club. He also state that a "one-on-one" identification is impermissible.

The testimony of the victim was that the defendant walked beside her for a while along a street that was well-lighted and that she could see him clearly.

The judgment is affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

---

**2.** See *State v. Vasquez*, 22 Utah 2d 277, 451 P.2d 786 (1969).