The **BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF MESA, State of Colorado, Petitioner-Appellee,**

v.

**Robert R. BLECHA and Bethal A. Blecha, Respondents-Appellants.**

**No. 83CA0763.**

Colorado Court of Appeals, Div. II.

Feb. 7, 1985.

Maurice Lyle Dechant, Grand Junction, Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, T. Shaun Sullivan, Denver, for petitioner-appellee.

Feder, Morris & Tamblyn, P.C., Harold A. Feder, Denver, for respondents-appellants.

BERMAN, Judge.

In this eminent domain proceeding, respondents, Robert R. and Bethal A. Blecha, appeal a jury verdict awarding $9,700 for property taken by the Board of County Commissioners of Mesa County (Mesa County). We affirm.

In October 1982, Mesa County filed a petition in condemnation to acquire a temporary construction easement and a fee interest in certain property owned by respondents and sought immediate possession thereof for the purpose of widening a county road. Following the hearing, the trial court granted immediate possession. Thereafter, a jury trial was conducted to determine the compensation for the property taken and the damages to the remainder of respondents' property.

## I.

On appeal, respondents first contend that the trial court did not have jurisdiction because Mesa County had failed to negotiate for the exact property taken. We disagree.

To satisfy the jurisdictional prerequisite for the maintenance of eminent domain proceedings, *i.e.*, a failure to agree on a purchase price for the property sought to be taken, the condemning authority must show that it made a reasonable good faith offer to reach agreement on the price with the property owner. *City of Thornton v. Farmers Reservoir & Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978). This offer may be made by letter allowing the property owner time to respond, and a

condemnation action may be commenced if the property owner remains silent or rejects the offer without making an acceptable counteroffer. *City of Thornton v. Farmers Reservoir & Irrigation Co., supra.* Moreover, the description of the property sought need only be "sufficiently definite, so that anyone versed in the nomenclature employed for the description of land could locate it without any trouble." *Colorado Fuel & Iron Co. v. Four Mile Ry. Co.*, 29 Colo. 90, 66 P. 902 (1901).

Here, Mesa County made an offer in writing to respondents for a twenty-foot temporary construction easement to which no reply was made. Thereafter the petition in condemnation was filed. Prior to the hearing for immediate possession, Mesa County determined that the temporary construction easement only needed to be ten feet wide instead of twenty feet; accordingly, it reduced its request at the hearing. The testimony of a registered land surveyor revealed that the requested ten-foot strip had been part of the original twenty, and that the temporary easement could be located from the description of the property contained in the petition.

Under these circumstances, we conclude, as did the trial court, that Mesa County negotiated in good faith, that there was a failure to agree upon a purchase price, and that the property description contained in the petition was sufficiently definite.

## II.

Respondents contend that the court violated their rights by prohibiting them from being present at an in-chambers conference between the court and both counsel. We disagree.

Our Supreme Court has determined that a defendant's rights in a criminal case are not constitutionally violated by refusal of the court to allow the defendant access to an in-chambers conference dealing only with matters of law. *Schott v. People*, 174 Colo. 15, 482 P.2d 101 (1971). *A fortiori*, the rights of a civil litigant are not violated by the court's refusal to allow the client to be present, where, as here, the hearing concerns only questions of law. *See Schott, supra.*

## III.

We have reviewed respondents' remaining contentions of error regarding several of the trial court's evidentiary rulings and have concluded that the alleged errors, taken separately or together, do not constitute grounds for reversal under C.R.C.P. 61 and CRE 103(a) or are without merit.

The judgment is affirmed.

KELLY and BABCOCK, JJ., concur.