**BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, State of Colorado, Petitioner–Appellant,**

v.

**B.G. BLOSSER, Glenda M. Blosser, Robert G. Woodard, and Thomas F. McTurk, as Jefferson County Treasurer, Respondents–Appellees.**

No. 91CA1146.

Colorado Court of Appeals, Div. III.

July 2, 1992.

Rehearing Denied Sept. 17, 1992.

Certiorari Denied Feb. 8, 1993.

Patrick R. Mahan, County Atty., William A. Tuthill, III, Asst. County Atty., Golden, for petitioner-appellant.

Holley, Albertson & Polk, P.C., George A. Holley, Golden, for respondents-appellees.

Opinion by Judge MARQUEZ.

In this eminent domain action, petitioner, Jefferson County Board of County Commissioners (County), appeals the judgment of dismissal entered on the motion of respondents, B.G. Blosser, Glenda M. Blosser, Robert G. Woodward, and Thomas F. McTurk (landowners). We reverse and remand with directions.

In order to expand an existing county road, the County commenced an eminent domain proceeding to acquire approximately 3.3 acres of a 22.78 acre parcel of land owned by the landowners. At a meeting held December 10, 1990, the County made a formal offer to acquire the necessary acreage of the landowners for an appraised value of $115,700. During the next two months, a county representative spoke with one or another of the landowners on several occasions concerning questions about the potential development of the property. Although the representative inquired as to the status of the County's offer, the landowners never accepted, rejected, or made any counteroffer to the County's proposal.

On February 4, 1991, the County filed a petition in condemnation and suit to quiet title and shortly thereafter moved for immediate possession. The landowners countered with a motion to dismiss alleging that the County had failed to negotiate in good faith pursuant to § 38-1-121, C.R.S. (1991 Cum.Supp.)

Following an evidentiary hearing, the trial court ruled that the County had not negotiated in good faith because it had failed to consider the effects of the cost of construction of the roadway and land acquisition as required by the County's land development regulation on the remainder of the landowner's property. Accordingly, it granted the motion to dismiss.

The County contends that the trial court erred in granting the dismissal once the County had demonstrated that there had been a failure to agree upon just compensation. Under the circumstances here, we conclude that the court erred in determining that the County failed to bargain in good faith.

Section 38-1-102(1), C.R.S. (1982 Repl. Vol. 16A) allows a petition for condemnation to be filed in all cases in which the right to take private property for public or private use without the owner's consent is conferred by general laws or special charter and the compensation to be paid for the property cannot be agreed upon by the parties interested.

Section 38-1-101, C.R.S. (1991 Cum. Supp.) provides that:

> In all cases in which compensation is not made by the state in its corporate capacity, such compensation shall be ascertained by a board of commissioners of not less than three disinterested and impartial freeholders ... or by a jury when required by the owner of the property.... All questions and issues, except the amount of compensation, shall be determined by the court unless all parties interested in the action stipulate and agree that the compensation may be so ascertained by the court.

After obtaining appraisals, the parties may use them "to negotiate in good faith for the acquisition of the property interest, but neither the condemning authority nor such person shall be bound by such appraisals." Section 38–1–121(1), C.R.S. (1991 Cum.Supp.).

Section 38–1–121(3), C.R.S. (1982 Repl. Vol. 16A) states that:

Nothing in this section shall be construed as in any way limiting the obligation of the condemning authority to negotiate in good faith for the acquisition of any property interest sought prior to instituting eminent domain proceedings or as in any way limiting the discovery rights of parties to eminent domain proceedings.

At issue here is whether the County negotiated in good faith.

The motion to dismiss was principally founded on Jefferson County Land Development Regulations, pt. IV, § 1.3.1, which provides in pertinent part that the property owners will:

[P]rior to plat approval ... be required to pay to the County a sum of money equal to the actual cost of right-of-way acquisition, design and construction of that portion of the adjacent one-half of the contiguous arterial street/road....

The trial court found that, when the property was appraised, the County's appraiser was not aware of the development costs of the roadway. Also, it found that he was aware of the county regulations, but did not have any specific information concerning those regulations as it affected the existing property.

The court then took into consideration the cost of construction as estimated by the project engineer employed by the County. The court determined that, in making its offer, the County did not consider the cost of reimbursement for the construction of the roadway and the land acquisition as to any damage to the remainder of the property. Also, the court found that the County knew at the time of the negotiations and bargaining of the approximate reimbursement. Thus, the court granted the motion to dismiss because of its conclusion that these facts were indicative of the County's failure to bargain in good faith. We conclude this ruling was in error.

■ Failure to agree upon compensation is a prerequisite to the initiation of a condemnation proceeding, and the petitioner has the burden to establish a failure to agree. *City of Thornton v. Farmers Reservoir & Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978). The requirement of failure to agree is met if the condemnor has initiated negotiations with the property owner and if further attempts to reach an agreement would be futile. *Vivian v. Board of Trustees*, 152 Colo. 556, 383 P.2d 801 (1963).

In cases addressing the issue of good faith in which the condemning authority gave the landowner a reasonable opportunity to receive and consider an offer and the landowner either rejected the offer or failed to respond, the courts have found that the good faith negotiation requirement was met. *See Interstate Trust Building Co. v. Denver Urban Renewal Authority*, 172 Colo. 427, 473 P.2d 978 (1970) (where petitioner rejected respondent's offers and by its actions declined invitation to negotiate, court rejected argument that no showing of good faith negotiations was made); *Board of County Commissioners v. Blecha*, 697 P.2d 416 (Colo.App.1985) (where county made offer and respondents failed to reply, court found that County negotiated in good faith).

In *City of Thornton, supra*, the organization representing the property owners never responded to the city's offer and only three out of 270 shareholders responded. There, our supreme court stated that:

The prerequisite of a failure to agree upon the purchase price for the property sought to be condemned generally requires only that the condemning authority make a reasonable good faith offer to reach an agreement with the owner of the property for its purchase. Lengthy or face-to-face negotiations are not required. The making of a reasonable offer to purchase in good faith by letter and allowing the property owner time to respond is sufficient. If the property

owner remains silent or rejects the offer without making an acceptable counter-offer, a condemnation action may be instituted.

■ Here, in support of its offer, the County provided the landowners with an independent Member Appraisal Institute appraisal and a fair market determination issued by the state of Colorado. The County waited nearly two months after conveying its offer to purchase before commencing an action in eminent domain, and the landowners did not accept, reject, or make any counteroffer during that time.

While, in some instances, it may be appropriate for the court to consider the amount offered in a determination of whether the offer was made in good faith, we conclude that, here, such a consideration was inappropriate. Based upon the record before us, whether the landowners would actually develop the remainder was a matter of speculation.

Accordingly, we conclude, as a matter of law, that the County made a reasonable good faith attempt to negotiate, but its efforts were thwarted by the lack of a response from the landowners. The jurisdictional prerequisite of a failure to agree upon compensation was therefore met, and the trial court improperly considered the testimony about the regulation during this proceeding.

In view of our resolution, we need not address the County's remaining contention.

The judgment is reversed, and the cause is remanded with instructions to deny the motion to dismiss and for further proceedings consistent with the views expressed in this opinion.

METZGER and REED, JJ., concur.