433 P.2d 281

The STATE of Arizona, Appellee.

v.

Roy Rivera NORIEGA, Appellant.

No. 2 CA–CR 102.

Court of Appeals of Arizona.

Nov. 13, 1967.

Review Denied Jan. 23, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

S. Jeffrey Minker, Tucson, for appellant.

KRUCKER, Judge.

Appellant Roy Rivera Noriega was charged and tried for the crime of Burglary, Second Degree. The sole question presented by this appellant is that the trial court erred in finding that statements made by the defendant to a police officer were voluntary statements and allowing the statements to be presented to the jury.

The facts briefly stated are that a home located on North Dodge was burglarized on September 26, 1966 around noon; that an eye witness saw two men prying open a kitchen window and entering the house; that another witness living three doors east identified the defendant as a man running in an easterly direction from the burglarized premises.

The following day a police officer interviewed the defendant at defendant's home with his family present, stating that he first read to the defendant from a card which advised the defendant of his constitutional rights and that defendant stated that he had been with one Robert Bracamonte, a co-defendant, the day before at approximately 12:30 p. m. The co-defendant, Robert Bracamonte,[1] without identifying the defendant, Noriega, testified that he had gone to the house with another person and that he had gone into the house through the window; that the owner had come home unexpectedly; that he went to his car and that the other individual ran down the street in an easterly direction. At the start of the officer's testimony the court excused the jury and took testimony in the absence of the jury concerning the voluntariness of the confession and whether or not the defendant, Noriega, had been fully advised of his rights.

Defendant took the witness stand in this hearing as to voluntariness and stated that he did not remember being advised of his rights on previous occasions. Testimony concerning this was as follows:

\* \* \* \* \* \*

Q. Are you aware of that card, that he has a card?

A. Yes.

Q. Are you aware he has that card; do you know he has a card?

A. Yes, I know he has a card.

1. Robert Bracamonte was originally charged in the information with Noriega but his name was dropped from the caption after he entered a plea of guilty prior to Noriega's trial.

Q. Have you ever heard that card—has anybody ever read that card to you?

A. Yes.

Q. Do you know what it says on it?

A. No.

Q. They have read it to you?

A. They read it real loud sometimes.

Q. They read it real loud sometimes?

A. Yes.

Q. And you knew it has been the same thing he has read into court today?

A. Yes, I heard it.

Q. You have heard that?

A. Yes.

\*   \*   \*   \*   \*   \*

The court found that the statement made to the officer was admissible and there was no violation of any constitutional rights of the defendant.

Appellant relies entirely on Miranda v. State of Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In fact, it is the only case cited in appellant's brief.

*Miranda* deals with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation, and the necessity for procedures which assure that the individual is accorded his privileges under the 5th Amendment to the Constitution not to be compelled to incriminate himself. *Miranda* further states:

"\*   \*   \*   By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

Requirements of *Miranda* have no application where the defendant is not in custody or detained and a question is asked in a relaxed situation in the defendant's home with his family present. A very recent case adopting this language is Evans v. United States, 377 F.2d 535 (5th Cir. 1967). See State v. Tellez, 6 Ariz.App. 251, 431 P.2d 691 (1967). In any event, the trial judge, after proper hearing, found that the required warnings were given. There was ample evidence to support the trial court's finding that the required warnings were actually given even if the facts created a *Miranda* situation.

The judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.