457 P.2d 613

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Anthony MARTINEZ, Defendant and Appellant.**

**No. 11208.**

Supreme Court of Utah.

Aug. 4, 1969.

was robbed by two young men. One held a knife pointed at the victim's midsection and warned him not to call for help. Mr. Green was forced to the floor behind the counter; a few minutes later, he arose and observed his empty cash register and the boys running from the scene.

Subsequently Mr. Green gave the police a description of the knife-wielder. He surveyed 30 to 50 photographs of potential suspects but stated that none was the robber. A month later, he viewed three additional pictures and identified one man; however, he was not positive and requested an opportunity to view the person before committing himself to a positive identification.

Based on Mr. Green's qualified identification the police went to the defendant's home and requested that he and his friend, Robert Hulse, who was visiting defendant, voluntarily attend a lineup at the police station. The police were permitted to enter defendant's premises by consent, and defendant was not under arrest. One of the officers asked defendant if he owned a green trench coat. Defendant responded in the affirmative and pointed to a coat on the arm of the chair. (The robber was described as wearing a coat of this description.)

The police then requested the defendant and his friend to leave with them. One of the police officers picked up the coat and requested that defendant wear it. Defendant refused. Defendant denies that he con-

Jay V. Barney, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Stephen C. Ward, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Defendant was convicted, upon a jury verdict, of the crime of robbery. On November 29, 1966, a grocer, Howard Green,

sented that the officer could take the coat, but on cross-examination he admitted that possibly he stated that if the officer wanted the coat, he could take it.

After leaving the premises, defendant asked if the police had a warrant. When he received a negative response, he refused to accompany them. He was placed under arrest and taken to the police station. Defendant consulted with an attorney by telephone and then participated in a lineup. He was positively identified by Mr. Green.

On appeal, defendant contends that the trial court committed prejudicial error by the denial of his motion to suppress evidence of the coat on the grounds: (a) identification of the coat was obtained by means of a statement of defendant prior to his being warned of his constitutional rights;[1] (b) the coat was obtained by an unlawful search and seizure in violation of the Fourth Amendment to the Constitution of the United States.

■ As a preliminary matter, we should observe that upon consideration of the entire record we are convinced that there was no reasonable possibility that the admission of the coat into evidence contributed to defendant's conviction, and even if

error were committed, which we do not conclude, we believe it was harmless error beyond a reasonable doubt.[2] The victim, Mr. Green, testified that there was nothing unusual about the overcoat he observed on the suspect the night of the robbery, no tearing or unique design or anything of that nature. He testified the coat in evidence was similar. The entire evidence concerning the coat appears quite irrelevant to the conviction of defendant.

■ Defendant contends that the law required that he be given the Miranda warnings prior to his statement that he owned a green trench coat and his indicating its location on the arm of the chair.

In the instant action defendant was not under arrest; he was in his home in the presence of his wife and a friend; he had been invited, along with his friend, to attend voluntarily a police lineup. These facts do not constitute "custodial interrogation" since the atmosphere and physical surrounding during the "interrogation" indicate a lack of restraint or compulsion.[3]

The trial court, without the presence of the jury, determined the coat was admissible into evidence.

The question to be answered is whether under the circumstances the search or

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).
2. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 710–711 (1967).
3. State v. Noriega, 6 Ariz.App. 428, 433 P.2d 281 (1968); People v. Sam, Cal., 77 Cal.Rptr. 804, 454 P.2d 700 (1969); State v. Sandoval, 92 Idaho 853, 452 P. 2d 350 (1969).

seizure is one which fair-minded persons, knowing the facts, and giving due consideration to the rights and interests of the public, as well as to those of the suspect, would judge to be an unreasonable or oppressive intrusion against the latter's right. * * *[4]

■ From the facts adduced, the trial court could reasonably have concluded defendant consented to the officer taking the coat, or in the alternative, that the removal of the coat, in plain view,[5] was not an unreasonable or oppressive intrusion against the defendant's rights.

■ Defendant further contends that the trial court committed prejudicial error by permitting his in-court identification by Mr. Green, since it was based on a lineup conducted contrary to recognized principles of due process. Defendant argues that the lineup as conducted was prejudicial in that he was obviously different from the other lineup participants. A photograph of the lineup is in the evidence and does not reveal the prejudice defendant alleges. A police officer, Detective Westley, testified that two of the five persons in the lineup were of Spanish-American descent. Four persons had dark hair, and two also had dark complexions. The sheriff's office further attempted to have all of the persons in the lineup be of the same age, height and build.

In the instant action there is nothing in the record to indicate that the pretrial confrontation was clearly so arranged as to make the resulting identification inevitable.[6]

■ Defendant finally contends that the trial court erred by its refusal to grant his motion for a mistrial, after the prosecution made a statement before the jury that defendant had previously told a different story.

The defense was alibi, and defendant testified in his own behalf. Police Officer Westley was recalled for rebuttal. The prosecution queried:

> Were you ever at a hearing in which the question was asked to this defendant what he did on the night of 29th of November of 1967?

Defense counsel objected on a number of grounds. The prosecution responded:

> If the Court please, if I may, this goes to the credibility of what he has just got through telling this court room, and I think it is proper rebuttal if he has told two different stories.

4. State v. Criscola, 21 Utah 2d 272, 274–275, 444 P.2d 517, 519 (1968).
5. "No search under the constitutional interdiction takes place when items having evidentiary value are outside a building and in plain view, nor if they are in plain sight inside a building to which access has been lawfully gained. * * *" State v. Martin, 73 Wash.2d 616, 440 P. 2d 429, 433 (1968); also see State v. Allred, 16 Utah 2d 41, 44, 395 P.2d 535 (1964).
6. Foster v. California, 394 U.S. 440, 89 S. Ct. 1127, 22 L.Ed.2d 402 (1969).

Based on this statement, defense counsel moved for a mistrial, which the trial court denied. For reasons unknown, the prosecution did not pursue this line of questioning and rested. Defense counsel did not request an instruction to admonish the jury to disregard this statement, although the court gave a general instruction that the jury should not consider any statement of counsel as to what the evidence is or as to what the facts are.

From the foregoing facts, there is no ground upon which to predicate prejudicial error.

The judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.