470 P.2d 250

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Michael Dale GILL, Defendant and Appellant.**

**No. 11783.**

Supreme Court of Utah.

May 26, 1970.

v. Moffitt, 199 Kan. 514, 431 P.2d 879; and Jenkins v. State, 230 A.2d 262 (Delaware 1967).

**262**

John D. O'Connell, Stewart M. Hanson, Jr., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Stephen C. Ward, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Justice.

Defendant was convicted, upon jury verdict, of the crime of robbery. Defendant appeals solely on the ground that the trial court committed prejudicial error by limiting the scope of defense counsel's cross-examination of the State's witness in regard to the basis of her identification.

Defendant was accused of robbing Harman's Take-Home Cafe, located in Salt Lake City, Utah, on November 4, 1967. Marilyn Marx, the manager of the establishment and one of the alleged victims of the crime, identified defendant in a police lineup. She was subsequently called as a witness at the trial, where she related the entire traumatic sequence of events concerning the robbery and made an in-court identification of defendant. During the course of her direct examination, there was no reference made to witness Marx's lineup identification of defendant. At this

point it should be interjected that the defense was premised on mistaken identity, namely, that, in fact, defendant's brother, James Gill, was the prepetrator of the crime.

On cross-examination, defense counsel queried as to when the witness first learned the name of defendant. The witness responded that it was at the time of the lineup. She further testified that the three men who robbed her were in the lineup, that the names of the men whom she identified were the Gill brothers, and that she did not know the others appearing in the lineup. Defense counsel then queried whether there were any Mexicans or Negroes in the lineup. The prosecution objected, and the trial court sustained the objection. Defense counsel asked the court for instructions. The trial judge responded that counsel was not to go beyond the scope of direct examination. Defense counsel queried:

Does this mean the entire circumstances surrounding the lineup?

The trial court responded:

Entire circumstances surrounding the lineup; you may call the witness as your own witness, if you choose; this is beyond the scope of the direct testimony.

On appeal, defendant asserts that this limitation on cross-examination constituted a deprivation of his constitutionally protected right to appear and to defend and to confront a witness testifying against him. Article I, Section 12, Constitution of Utah.

In Weber Basin Water Conservancy District v. Ward[1] this court stated:

* * * The purpose of cross-examination is to give adversary counsel the opportunity not only to inquire into uncertainties relating to the testimony in chief, but to test its credibility. Whatever may tend to explain, modify or contradict that direct evidence should be allowed. Even though it is generally said that the trial judge has discretion to control cross-examination within reasonable limitations, he should not so restrict it as to prevent inquiry into matters having a direct bearing upon vital issues * * *.

In the Weber Basin case this court determined that the objections of opposing counsel and the rulings of the trial court prevented effective inquiry into an important and material fact.

In the instant case it must be conceded that the ruling of the trial court, as an abstract proposition of law, that the entire circumstances surrounding the lineup must be excluded from cross-examination as beyond the scope of direct testimony was erroneous; however, defendant has not indicated in what manner this ruling was

1. 10 Utah 2d 29, 33, 347 P.2d 862, 864 (1959).

prejudicial, i. e., how did it affect his substantial rights. Section 77-42-1, U.C.A. 1953. The theory of the defense was that the witness had confused the identity of the two brothers. Defense counsel pursued his inquiry concerning this material fact, including the circumstances of the lineup as a source of the alleged confusion of identity by the witness. However, when counsel made a general inquiry about the circumstances of the lineup, e. g., were there Negroes or Mexicans appearing therein, his cross-examination extended to matters beyond the vital issues of the case, i. e., the credibility of the witness in distinguishing the brothers.

If defense counsel intended to challenge the constitutional validity of the lineup and assert that the in-court identification of the witness was tainted by the very nature of the lineup and the manner in which it was conducted, the preferable procedure would be to file a motion to suppress the testimony of witness Marx. This procedure would have given the trial court an opportunity to determine whether the pretrial confrontation had been so arranged as to make the resulting identification inevitable, or whether the in-court identification had an independent source.[2]

A survey of the instant record reveals that the ruling of the trial court did not have the effect of preventing inquiry into an important and material fact. If error were committed, it was harmless error beyond a reasonable doubt.[3] The judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

2. State v. Vasquez, 22 Utah 2d 277, 451 P.2d 786 (1969).

3. State v. Martinez, 23 Utah 2d 62, 64, 457 P.2d 613 (1969).