The STATE of Utah, Plaintiff and Respondent,

v.

Ross GALLEGOS, Defendant and Appellant.

No. 20349.

Supreme Court of Utah.

Nov. 29, 1985.

Randall Gaither, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

A jury found the defendant, Ross Gallegos, guilty of the crime of theft by receiving,[1] a third degree felony. On appeal, the defendant seeks a reversal of the trial court order denying his motion to suppress evidence and for a new trial.

### I.

On July 17, 1984, Provo City police officers went to Gallegos' home in Provo to execute a search warrant. The warrant ordered seizure of "all controlled substances and stolen property." An affidavit in support of issuance of the warrant stated that an "informant did see within the last 48 hours at least one pound of marijuana and several items proported [sic] by Gallegos to be stolen ... (lawn chairs, electrical wiring, children's swing, etc.)" at Gallegos' home.

While searching the home, Officer Craig Geslison noticed a Magnavox VCR, attached to a television set, and two video tapes close by. He asked Gallegos about them, and Gallegos remarked that he had rented them from Norton's supermarket. Geslison called the police dispatcher and asked her to verify this information with Norton's. Norton's assistant manager advised the dispatcher that Norton's had not rented the VCR based on the fact that there was no rental contract on file under the name of Gallegos or Gallegos' girlfriend. This inquiry took from ten to fifteen minutes. After receiving this information, Geslison examined the VCR and discovered that the serial number was missing. When the defendant and his girlfriend were unable to produce a rental receipt for the VCR, Geslison seized the VCR and the tapes. A review of the record indicates that none of the property indicated as being stolen in the affidavit was seized by the officers.

The following day, Geslison called several stores in the Provo area, trying to determine if the VCR was in fact stolen. Eventually, ownership of the VCR and tapes was traced to Sounds Easy, an audio-video store, which reported them stolen from a customer's truck.

Prior to trial, the defendant made a motion to suppress evidence of the discovery of the VCR and the tapes in him home on the grounds that the seizure exceeded the scope of the warrant and that the plain view doctrine was not applicable. The trial judge seems to have agreed, but denied the motion based on the State's argument. The prosecutor argued that Officer Geslison, while lawfully in the defendant's home, initiated an independent investigation which provided the officer with probable cause to seize the VCR and the tapes. The prosecutor made the same argument during the defendant's trial, and the defendant was found guilty of theft by receiving.

### II.

At the outset, it is important to note that this Court will not disturb the ruling of the trial court on questions of admissibility of evidence unless it clearly appears that the

---

1. U.C.A., 1953, § 76-6-408 (Supp.1985).

lower court was in error.[2] Accordingly, this Court may affirm the trial court's decision to admit evidence on any proper grounds, even though the trial court assigned another reason for its ruling.[3] Therefore, we must address whether the VCR was seized within the scope of the warrant and, if not, whether its seizure was justified by an exception to the fourth amendment's warrant requirement.

The fourth amendment protects people from unreasonable searches and seizures of their person, home, papers, and effects.[4] The amendment's proscriptions apply with equal force to the states.[5] A search of a constitutionally protected area, as was the case here,[6] pursuant to a valid search warrant, and seizures pursuant thereto, are prima facie reasonable.

At the hearing on the motion to suppress, the defendant appears to have conceded that since the officers entered the premises pursuant to a search warrant there was a valid entry and search.[7] Therefore, the only issue in this case is whether the seizure of the tapes and the VCR was justified under the fourth amendment.

The State first argues that the property seized was within the scope of the warrant. The fourth amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the ... things to be seized." This portion of the amendment is essentially a proscription against general warrants whereby administrative officers determine what is and what is not to be seized. The decision to seize must be judicial, as opposed to administrative, and the warrant must be sufficiently particular to guide the officer to the thing intended to be seized, thereby minimizing the danger of unwarranted invasion of privacy.[8] Accordingly, the line between what is and what is not sufficiently particular must be drawn with a view to accomplishment of the constitutional purpose[9] and necessarily varies with the circumstances and with the nature of the property to be seized.[10]

In this case, the warrant ordered seizure of "all controlled substances and stolen property." Without substantial justification, warrants describing property only in generic terms (terms applicable to an entire class of property) are not favored by the law.[11] However, use of such descriptions has been allowed when a more specific description of the things to be seized is unavailable. Thus, general descriptions have been held sufficient

> [i]n cases involving contraband, such as drugs.... [i]n cases where the inherent nature of the property sought by a warrant precludes specific description.... [in cases] where attendant circumstances prevented a detailed description from being given.... and [in cases where a] detailed description has been difficult and the evidence established that the sto-

---

2. *State v. Cole*, Utah, 674 P.2d 119, 122 (1983).

3. *See State v. Bryan*, Utah, 709 P.2d 257, 260 (1985).

4. *See* U.S. Const. amend IV.

5. *State v. Kent*, 20 Utah 2d 1, 5, 432 P.2d 64, 66 (1967).

6. *See Katz v. United States*, 389 U.S. 347, 351 n. 8, 356, 88 S.Ct. 507, 511 n. 8, 514, 19 L.Ed.2d 576 (1967); *State v. Folkes*, Utah, 565 P.2d 1125, 1127, *cert. denied*, 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977).

7. Because of counsel's concession we need not address the good faith exception to the exclu-

sionary rule. *See Massachusetts v. Sheppard*, — U.S. ——, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).

8. *State v. Tidyman*, 30 Or.App. 537, 568 P.2d 666, 670 (1977) (*citing Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927)).

9. *See, e.g., United States v. Cook*, 657 F.2d 730, 733 (5th Cir.1981).

10. *See People v. Harmon*, 90 Ill.App.3d 753, 755, 46 Ill.Dec. 27, 29, 413 N.E.2d 467, 469 (1980). *See also State v. Townsend*, 394 F.Supp. 736, 746–47 (E.D.Mich.1975).

11. *See Cook*, 657 F.2d at 733.

len goods sought are likely to be part of a larger collection of similar contraband located at the premises to be searched.[12] Since none of these recognized exceptions apply to the portion of the order requiring seizure of all "stolen property," it is obvious that the fourth amendment requirement that items to be seized be particularly described was abridged in this case.[13]

■ It has been held that a general description on the face of a warrant may be cured by *proper* incorporation of a sufficiently descriptive supporting affidavit.[14] Assuming, without deciding, that the affidavit by Officer Eagan was properly incorporated and thus validated the general description on the warrant, the seizure of the VCR and the tapes was still not within the scope of the warrant; the affidavit lists only "lawn chairs, electrical wiring, children's swing, etc." as being stolen property.

### III.

■ The State alternatively argues that the tapes and the VCR were properly seized pursuant to the plain view doctrine. Ordinarily, only items described in a search warrant may be seized.[15] However, when, in the course of performing a lawful search for items listed on a warrant, officers come across other articles of an incriminatory nature, that property may be properly seized under the plain view doctrine.[16]

The plain view doctrine is grounded upon the proposition that when an object is in plain view there is no fourth amendment search.[17] Accordingly, in actuality the doctrine merely provides grounds for seizure of an item when access to an object is properly justified under the fourth amendment. The owner's only remaining interests are those of possession and ownership.[18]

■ Because this Court is sensitive to the inherent danger that officers will use the plain view doctrine to enlarge specific authorization to seize into a general warrant to rummage, we have previously adopted a modified version of the guidelines laid down in *Coolidge v. New Hampshire.*[19] Thus, a warrantless seizure of property in plain view after a lawful intrusion is justified if: "(1) the officer is lawfully present where the search and seizure occur; (2) the evidence is in plain view; and (3) the evidence is clearly incriminating."[20] There is no question that the VCR and tapes were in plain view and, as noted above, the defendant conceded that the officers were lawfully present. The defendant, however, argues that the incriminatory nature of the property was not "immediately apparent." This language from *Coolidge* is in substance contained in the third requirement noted above that the evidence be "clearly incriminating." The clearly incriminating requirement also mandates that officers have probable cause to associate the property to be seized with criminal activity.

■ The scope of this requirement must be determined by balancing the intrusion on fourth amendment interests against the promotion of legitimate governmental in-

---

**12.** *Namen v. State,* Alaska App., 665 P.2d 557, 561–62 (1983) (footnotes omitted).

**13.** *See Namen,* 665 P.2d at 562–63; *Kinsey v. State,* Okl.Crim., 602 P.2d 240, 242 (1979); 2 W. La Fave, Search and Seizure § 4.6(c), at 102 (1978). *See also Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979).

**14.** *See* 2 W. La Fave, Search and Seizure § 4.6(a), at 100 n. 23 (1978 & Supp.1985).

**15.** *See State v. Griffin,* Utah, 626 P.2d 478, 482 (1981) (Wilkins, J., concurring).

**16.** *See State v. Romero,* 660 P.2d 715, 718 (1983).

**17.** *See State v. Martinez,* 23 Utah 2d 62, 65 n. 5, 457 P.2d 613, 615 n. 5 (1969).

**18.** *See Texas v. Brown,* 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983).

**19.** 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

**20.** *State v. Romero,* Utah, 660 P.2d at 718 (footnote omitted).

terests.[21]  The State of course has a valid interest in gathering and seizing evidence of criminal activity in order to suppress the lawless element of our society.  However, the public has the right to be free from unreasonable seizures by the State.  Although this Court does not interpret the "clearly incriminating" requirement as requiring that evidence be "clearly incriminating" at first glance,[22] to allow police to conduct an off-premises investigation to establish probable cause to seize property not designated in the search warrant is clearly unacceptable under the fourth amendment.

Here, Officer Geslison testified that at the time he first saw the VCR he had no information that the video recorder had been stolen.  The record indicates that Officer Geslison only had reasonable suspicion to believe that the recorder was stolen after having a dispatcher follow up the defendant's claim that he rented the machine from Norton's.  At trial, Officer Mock testified that the inquiry through the police dispatcher took from ten to fifteen minutes.  Officer Geslison's subsequent discovery of the missing identification number and discovery the next day that the property was in fact stolen, did not dissipate the original taint.  Affirmance of this type of police investigation would have the proscribed effect of allowing police to search under a general warrant.

Police cannot enter a person's home based upon a search warrant and while there initiate and conclude an independent outside investigation to achieve probable cause to seize unnamed property.  This is particularly true in a case such as this when nothing about the nature or physical character of the property seized rendered it inherently identifiable as being stolen.

The order denying the defendant's motion to suppress the evidence seized is reversed, and the case is remanded for a new trial.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**21.**  *Delaware v. Prouse,* 440 U.S. 648, 654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979).

---

**22.**  *See Texas v. Brown,* 460 U.S. at 741, 103 S.Ct. at 1542.