STATE of Utah, Plaintiff and Appellee,

v.

Kevin Jon NIELD, Defendant and Appellant.

No. 890465–CA.

Court of Appeals of Utah.

Dec. 28, 1990.

Shelden R. Carter (argued), Harris, Carter and Harrison, Provo, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Judith S.H. Atherton (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON and ORME, JJ.

JACKSON, Judge:

Kevin Jon Nield appeals his conviction of burglary of a business, a third-degree felony in violation of Utah Code Ann. § 76-6-202 (1990). We affirm.

On the evening of May 16, 1988, Gerald Freeman was told that his diesel repair business might be burglarized that night. Freeman relayed this to the police and obtained an extra police patrol of the premises. Deputy Corry checked the Fillmore Diesel building at 10:00 p.m. and found it undisturbed. However, when he returned at 2:30 a.m. on May 17, he discovered that the medium link chain securing the building doors had been cut. The officer found two sets of fresh, greasy footprints on the shop floor and summoned Freeman, who cursorily inspected the building interior and described to Deputy Corry the type of equipment that appeared to be missing. During a meeting at the shop at 10:00 a.m. on the morning of May 17, Freeman told Deputy Corry that a mig welder, a desk calculator, and various sanders, power tools, and hand tools were missing. Deputy Corry instructed Freeman to determine what was missing and prepare an itemized list.

That evening, a former shop employee told Freeman he could find his tools in the apartment of defendant Nield, who had also worked briefly doing body work on Freeman's wrecker until several days before the burglary, when Freeman fired him. A second informant also advised Freeman that Nield had burglarized the shop and that the stolen items could be found in Nield's apartment. Freeman relayed this information to Deputy Corry, who then sought and obtained a warrant to search Nield's apartment for "shop equipment, air tools, mig welder, desk calculator, auto tools stolen from Gerald D. Freeman, Fillmore Diesel, Fillmore, Utah, on 5/17/88 during a burglary."

Deputy Corry executed the search warrant at 12:15 a.m. on May 18. He seized various hand tools, pieces of auto painting and repair equipment, and a set of bolt cutters. Nield and Richard Likes, who were both present in the apartment, were arrested for the burglary.

On May 18 or 19, after spending several hours conducting an inventory of his shop equipment, Freeman completed an itemized list of the tools missing from his shop and gave it to the police. He was shown the items found in Nield's apartment and, after checking in a truck that had been parked outside his shop the night of the burglary, identified the bolt cutters as his. All of the other equipment and tools seized from the apartment were returned to Nield after Freeman concluded they were not taken in the burglary.

Defendants Nield and Likes proceeded to a joint jury trial in February 1989 at which the court admitted into evidence the bolt cutters seized in the apartment search and an inculpatory statement Likes made to

Deputy Corry on May 18 during interrogation.

### I.

■ On appeal, Nield first claims that the bolt cutters were not admissible because they were outside the scope of the search warrant. Because the warrant's description of stolen shop equipment, auto tools, and air tools is too generic to meet the particularity requirements of the federal fourth amendment, he contends, the seizure of the bolt cutters was unreasonable.

Significantly, Nield does *not* contend that the warrant's description of the other items to be searched for—a mig welder and a desk calculator—is so unspecific as to violate the fourth amendment's particularity requirement. Nield thus has not argued, to the trial court or on appeal, that the warrant was facially invalid in its entirety.[1]

■ In the course of carrying out a search for items specified in a valid warrant, other items not so listed may be lawfully seized under the plain view doctrine. *State v. Gallegos*, 712 P.2d 207, 210 (Utah 1985); *see Horton v. California*, —— U.S. ——, 110 S.Ct. 2301, 2306–08, 110 L.Ed.2d 112 (1990). The requirements for application of this doctrine are satisfied if: (1) the officer is lawfully present where the search and seizure occur; (2) the evidence seized is in plain view; and (3) the evidence seized is clearly incriminating. *State v. Kelly*, 718 P.2d 385, 389 (Utah 1986); *Gallegos*, 712 P.2d at 210.

Nield has not challenged the validity of that portion of the warrant authorizing a search for the stolen mig welder and desk calculator. Accordingly, the entry and search of Nield's apartment for these items was concededly lawful because conducted pursuant to a warrant that was sufficiently particularized, at least in part. The bolt cutters were in plain view in a part of Nield's apartment in which the police were authorized by the warrant to search for the mig welder and the desk calculator. In light of Deputy Corry's knowledge that the medium link chain on the Fillmore Diesel doors had been cut by the burglars to gain entry to the shop, the "clearly incriminating" prong of the plain view doctrine was satisfied because he had probable cause to associate the bolt cutters with the burglary. *See Kelly*, 718 P.2d at 390.[2]

Because the bolt cutters were lawfully seized pursuant to the plain view doctrine and thus properly admissible, we need not determine whether the portion of the warrant describing stolen shop equipment, auto tools, and air tools violates the federal constitution's particularity requirement. We likewise need not consider whether, as the State contends, this general description in the warrant was constitutionally sufficient under the circumstances of this case because a more detailed inventory of the stolen property was unavailable. *See Gallegos*, 712 P.2d at 209.

### II.

■ Nield next challenges the trial court's admission of co-defendant Likes' confession at their joint trial through the testimony of Deputy Corry, to whom Likes made the statement. Relying on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Nield argues that he was denied his sixth amendment right to confront the witnesses against him because he could not cross-examine Likes about the confession since Likes chose not to testify.

In *Bruton*, the trial court admitted at a joint trial the nontestifying co-defendant's

---

1. Thus, the trial court did not consider the "good faith" issue of whether the warrant was "so facially deficient—*i.e.*, in failing to particularize ... the things to be seized—that the executing officers [could] not reasonably presume it to be valid." *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677 (1984); *see State v. Gallegos*, 712 P.2d 207, 209 n. 7 (Utah 1985); *see generally* 2 W. LaFave, *Search and Seizure* § 4.6 (1987).

2. This element was found lacking in *Gallegos*, although the seized VCR and tapes were in plain view and the police were lawfully present in defendant's home pursuant to an unchallenged portion of the search warrant ordering the seizure of "all controlled substances." *Gallegos*, 712 P.2d at 210–11.

confession, which also incriminated defendant Bruton. The United States Supreme Court concluded that the trial court had thereby violated Bruton's constitutional right of confrontation, even though the jury was instructed to disregard the co-defendant's confession in determining Bruton's guilt or innocence. *Id.* at 126–28, 88 S.Ct. at 1622–23.

The *Bruton* holding was subsequently described by the Court as a narrow exception to the general principle that a witness whose testimony is introduced at a joint trial is not considered to be a witness "against" a defendant if the jury is instructed to consider that testimony only against a co-defendant. *Richardson v. Marsh*, 481 U.S. 200, 207–08, 107 S.Ct. 1702, 1707, 95 L.Ed.2d 176 (1987). In *Richardson*, the Court limited the *Bruton* exception to co-defendants' confessions that were facially incriminating of the complaining defendant, holding that the confrontation clause was not violated by the admission at a joint trial[3] of a nontestifying co-defendant's confession with a proper limiting instruction when "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211, 107 S.Ct. at 1709 (footnote omitted).

We reject Nield's claim that the confession of co-defendant Likes was not sufficiently edited to comply with *Richardson.* Although Likes told Deputy Corry during interrogation that he and Nield had together broken into Freeman's shop and taken tools and equipment, Deputy Corry was only permitted to testify as follows at trial:

> Q. What did Mr. Likes tell you then during the interview, basically?
> A. Mr. Likes told me that he broke into Fillmore Diesel, that he used a set of bolt-cutters to cut the lock, and that he took several items from the business and placed them in an undisclosed location somewhere in the Fillmore area.

As related to the jury by Deputy Corry, Likes' statement did not name Nield or make any reference to his existence. Unlike the co-defendant's confession in *Bruton*, Likes' statement was not "powerfully incriminating" of Nield because it did not implicate him in the commission of the burglary. *See Richardson*, 481 U.S. at 208, 107 S.Ct. at 1707; *see also State v. Ellis*, 748 P.2d 188, 190 (Utah 1987). Like the redacted co-defendant's confession in *Richardson*, Likes' inculpatory statement was not facially incriminating of Nield; at most, it became incriminating only when linked with other evidence introduced at trial. *See Richardson*, 481 U.S. at 208, 107 S.Ct. at 1707. The jury was instructed not to consider Likes' confession in determining Nield's guilt or innocence. We therefore conclude that Nield's sixth amendment confrontation right was not abridged by the trial court's admission of the edited version of Likes' confession.

The conviction is affirmed.

GARFF and ORME, JJ., concur.

---

3. In *Richardson,* the two defendants were tried together over defendant Marsh's objection. *Richardson,* 481 U.S. at 202, 107 S.Ct. at 1704.

Here, neither of the defendants requested a severance.